(6 Misc. Rep. 432.)

BUCKHOUT v. BERGER.

(City Court of Brooklyn, General Term. January 22, 1894.)

FACTORS AND BROKERS—AMOUNT OF COMMISSIONS.

Where defendant employed a broker to procure a person to erect a building, and lease it to defendant for 10 per cent. of its cost for a term of years, the broker's commissions are not limited by the amount of the rentals.

Appeal from trial term.

Action by Henry C. Buckhout against Jacob S. Berger. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

Horace Graves, for appellant.

Jerry A. Wernberg, for respondent.

PER CURIAM. Plaintiff brought this action to recover on a quantum meruit for his services in procuring a capitalist ready and willing to erect a theater at a cost not exceeding $75,000, and to lease the same to the defendant for a term of years, at a rental of 10 per cent. on the gross outlay. Plaintiff had a ver-

dict. The learned counsel for the defendant claims that it was error for the court to refuse to charge that plaintiff, if entitled to recover, could only recover, in the absence of any special agreement, the usual broker's commissions on the rentals as the limit of his compensation. We think the court was right in refusing so to charge, because the services claimed for included more than the mere rental of premises; they included the finding of a capitalist willing to buy land in a specified section of the city, and to erect a theater on plans proposed by defendant, as well as the leasing thereof to defendant. What the services rendered by plaintiff were fairly worth was left to the jury, on the evidence, and we think their verdict was a just one.

The exception to the refusal to charge as requested at folio 129 was also untenable. There was no evidence in the case that would have justified the jury in finding any agreement that Williams, the capitalist, was to pay plaintiff for his services. Further, the question as to whether defendant employed plaintiff was left to the jury to determine, and the court charged the jury that plaintiff could "only recover on the theory that he was employed by Mr. Berger." We think that the judgment and order appealed from should be affirmed, with costs.